IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL W. LISTER,            :
    Petitioner            :
                          :    No. 1:14-cv-1915
    v.                        :
                          :    (Judge Kane)
VINCENT MOONEY, et al.,       :    (Chief Magistrate Judge Schwab)
    Respondents           :

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the October 2, 2017 Report and Recommendation of Chief Magistrate Judge Schwab recommending that this Court deny Petitioner Michael W. Lister's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), deny Petitioner's motion for a stay and abeyance (Doc. No. 19), and deny his motion to supplement (Doc. No. 22). (Doc. No. 24.)

Petitioner filed objections to Chief Magistrate Judge Schwab's Report and Recommendation on October 17, 2017. (Doc. Nos. 25, 26.) First, Petitioner challenges Chief Magistrate Judge Schwab's conclusion that his trial counsel's performance did not constitute ineffective assistance of counsel. (Doc. No. 25 at 4-6.) Specifically, Petitioner maintains that trial counsel's failure to move for a mistrial, move to strike, or request a jury instruction regarding the prosecutor's allegedly improper remark during closing arguments constitutes ineffective assistance of counsel under Strickland v. Washington. In connection with this objection, Petitioner maintains that Chief Magistrate Judge Schwab did not address the "cumulative" prejudicial effect of trial counsel's alleged errors. (Id. at 6.) Second, Petitioner objects to Chief Magistrate Judge Schwab's finding that an ineffective assistance of counsel

1

claim is the sole claim for relief asserted in his petition. (Id. at 6.) Third, Petitioner objects to Chief Magistrate Judge Schwab's recommendation that this Court deny his motion to stay or abey and motion for leave to file a supplement and/or a companion claim, arguing that the new claims in his proposed supplement "relate back" to the claim in his original petition, such that he should be permitted to amend his petition. (Id. at 7-13.) Petitioner further objects to Chief Magistrate Judge Schwab's recommendation that this Court deny his Section 2254 petition without first conducting an evidentiary hearing. (Id. at 13.) Finally, Petitioner objects to Chief Magistrate Judge Schwab's failure to make a recommendation regarding the issuance of a certificate of appealability. (Id. at 14.)

In the Report and Recommendation, Chief Magistrate Judge Schwab considered the standard established in Strickland v. Washington, 466 U.S. 668 (1984), in evaluating Petitioner's claim for relief rather than dispose of Petitioner's claim as procedurally defaulted, as urged by Respondent. (Doc. No. 24 at 3-7.) Specifically, Chief Magistrate Judge Schwab determined that Petitioner's claim was more efficiently resolved on the merits. (Id. at 7.) Ultimately, Chief Magistrate Judge Schwab found that Petitioner's trial counsel's failure to move for a mistrial, move to strike, or request a jury instruction regarding the prosecution's allegedly improper remark during closing argument did not constitute ineffective assistance of counsel.[1] (See id. at

---

[1] Chief Magistrate Judge Schwab quoted the exchange that forms the basis of Petitioner's claim pertaining to the following statement that the Commonwealth's prosecutor made about Dr. Cooke, a forensic and clinical psychologist who testified on Petitioner's behalf as follows:

| [The Commonwealth]: | And [Lister is] not saying he didn't shoot [the victim]. He is conceding that. Dr. Cooke told you he was very family oriented. I think my cross-examination of him displayed that possibly he wasn't. Dr. Cooke was hired to give you a reason, to give you an excuse. |

2

8-11.)

The Court observes that Petitioner's objections largely restate arguments previously presented in his petition (Doc. No. 1), memorandum of law submitted in support of his petition (Doc. No. 3 ), motion for a stay and abeyance (Doc. No. 19), brief in support of his motion to stay (Doc. No. 20), motion to supplement (Doc. No. 22), and brief in support of his motion to supplement (Doc. No. 23), which were considered by Chief Magistrate Judge Schwab as reflected in the Report and Recommendation. Having thoroughly considered Petitioner's objections to the Report and Recommendation, the Court finds that Chief Magistrate Judge Schwab correctly and comprehensively addressed the substance of Petitioner's objections in the Report and Recommendation itself. Therefore, the Court will not write separately to address them, except with regard to three points.

First, Petitioner's objection to Chief Magistrate Judge Schwab's finding that ineffective assistance of counsel is the sole claim for relief asserted in his petition is not well taken. The Court's review of the petition and Petitioner's memorandum of law in support of it confirm Chief Magistrate Judge Schwab's conclusion that an ineffective assistance of counsel claim is

---

| | |
|---|---|
| [Lister's Attorney]: | I object. He was hired to perform an evaluation. That's right. |
| The Court: | That's accurate. Please rephrase your statement. |
| [The Commonwealth]: | I'll rephrase. Dr. Cooke was hired to give you an evaluation of [Lister's] mental state. He diagnosed him with personality disorders. Personality disorder. He said he suffered from heavy stress. Tons of people in America have personality disorders. Tons of people in America suffer from stress. They don't go out killing people. . . . |

(Doc. No. 24 at 5.)

the sole claim for relief asserted by him. (See Doc. Nos. 1 at 5, 17-18; 3 at 6-12.)

Second, Petitioner objects to Chief Magistrate Judge Schwab's recommendation to deny his petition without first conducting an evidentiary hearing on the petition pursuant to 28 U.S.C. § 2254(e)(2). (Doc. No. 25 at 13.) However, Section 2254(e)(2) makes clear that an evidentiary hearing is not required to dispose of a Section 2254 petition, in fact providing in Section 2254(e)(2) that "the court shall not hold an evidentiary hearing on the claim unless the applicant shows that - . . . (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

Further, Petitioner's objection regarding Chief Magistrate Judge Schwab's omission of a recommendation as to the issuance of a certificate of appealability is of no moment, as her conclusion that Petitioner "falls far short" of establishing an entitlement to relief on his ineffective assistance of counsel claim, as well as the entirety of her Report and Recommendation, provides ample support for this Court's finding that Petitioner has not made a "substantial showing of the denial of a constitutional right" justifying the issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(2).

**AND SO**, on this 8th day of November 2017, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1. Chief Magistrate Judge Schwab's Report and Recommendation (Doc. No. 24), is **ADOPTED**;

2. Petitioner's objections (Doc. Nos. 25, 26), are **OVERRULED**;

3. The Court declines to hold an evidentiary hearing on the petition;

4. The petition for a writ of habeas corpus (Doc. No. 1), is **DENIED**;

5. Petitioner's motion for a stay and abeyance (Doc. No. 19), and motion to supplement (Doc. No. 22), are **DENIED**;

6. A certificate of appealability **SHALL NOT ISSUE**; and

7. The Clerk of Court is directed to **CLOSE** the case.

                                             s/ Yvette Kane
                                             Yvette Kane, District Judge
                                             United States District Court
                                             Middle District of Pennsylvania